UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

In Re VEECO INSTRUMENTS, INC.,        :   05-MD-1695 (CM)
SECURITIES LITIGATION                 :
————————————————————————x

THIS DOCUMENT RELATES TO:             :

————————————————————————x

AUGUST SCHUPP, III, derivatively on behalf of :   05-CV-10225 (CM)
VEECO INSTRUMENTS, INC.,              :
                                      :
                                      :   **PLAINTIFFS' MEMORANDUM OF**
              Plaintiff(s),           :   **LAW IN SUPPORT OF THEIR**
                                      :   **MOTION FOR LEAVE TO AMEND**
     v.                               :   **THEIR CONSOLIDATED**
                                      :   **AMENDED VERIFIED**
EDWARD H. BRAUN, et al.,              :   **SHAREHOLDER DERIVATIVE**
                                      :   **COMPLAINT AND TO FILE A**
              Defendant(s),           :   **SECOND CONSOLIDATED**
                                      :   **AMENDED VERIFIED**
                                      :   **SHAREHOLDER**
                                      :   **DERIVATIVE COMPLAINT**
                                      :
————————————————————————x

DAVID ALTMAN, derivatively on behalf of   :   05-CV-10226 (CM)
VEECO INSTRUMENTS, INC.,              :
                                      :
              Plaintiff(s),           :
                                      :
     v.                               :
                                      :
EDWARD H. BRAUN, et al.,              :
                                      :
              Defendant(s).           :
————————————————————————x

## Table Of Contents

Table of Authorities ............................................................................................ ii

Introduction ......................................................................................................1

Background ......................................................................................................2

    A. Relevant Procedural History ...................................................................2

    B. The FAC ............................................................................................2

    C. Proposed Additional Allegations Of The SAC ...............................................3

Argument ........................................................................................................4

    A. Legal Standard ....................................................................................4

    B. Leave To Amend Should Be Freely Granted ................................................5

        1.  Plaintiffs have neither acted dilatorily,
           nor in bad faith, and the amendments sought are not futile ...........................6

        2.  Granting leave to amend will not unduly
           prejudice defendants nor alter the timetable for discovery ...........................7

Conclusion ......................................................................................................8

**Table Of Authorities**

**Cases**                                                                                                    **Page**

*Accusan, Inc. v. Xerox Corp.*,
      No. 96 Civ. 2579 (HB),
      1998 WL 60991 (S.D.N.Y. Feb. 11, 1998) ...................................................................... 5-6

*Foman v. Davis*,
      371 U.S. 178 (1962) ..........................................................................................................5

*In re Initial Public Offering Sec. Litig.*,
      214 F.R.D. 117 (S.D.N.Y. 2002) ......................................................................................5

*Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fid., Ltd*,
      689 F. Supp. 1340 (S.D.N.Y. 1988) ..................................................................................5

*Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*,
      392 F.2d 380 (2d Cir. 1968) ..............................................................................................5

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*,
      608 F.2d 28 (2d Cir.1979) .................................................................................................8

*United States v. Continental Illinois Nat. Bank & Trust Co.*,
      889 F.2d 1248 (2d Cir. 1989) ............................................................................................8

*Wilder v. Village of Amityville*,
      288 F. Supp. 2d 341 (E.D.N.Y. 2003),
      *aff'd*, 111 Fed Appx. 635, 2004 WL 2381295 (2d Cir. Oct. 25, 2004) ............................5

**Statutes & Regulations**

Federal Rule of Civil Procedure 15(a)  .............................................................................. 4-5, 8

Federal Rule of Civil Procedure 23.1  ....................................................................................2

## INTRODUCTION

Plaintiffs August Schupp, III and David Altman (collectively, the "Plaintiffs") hereby submit this Memorandum of Law in support of their motion for leave to amend their first Consolidated Amended Verified Shareholder Derivative Complaint (the "FAC")[1] and to file a Second Consolidated Amended Verified Shareholder Derivative Complaint (the "SAC").[2]

Plaintiffs, shareholders of Veeco Instruments, Inc. ("Veeco" or the "Company"), originally brought this action derivatively on behalf of the Company against certain of its officers and directors for misconduct that occurred between November 3, 2003 and February 10, 2005, inclusive (the "Relevant Period"). The underlying theme of both the FAC and the SAC is that defendants' reckless stewardship of Veeco, particularly their failure to institute appropriate controls and oversight of all areas of the Company's business, has exposed the Company to potentially significant fines and legal liability, has substantially impaired the Company's market capitalization, and has eroded the Company's goodwill and trust in the market place.

In the FAC, Plaintiffs allege causes of action for breach of fiduciary duty, waste of corporate assets, and unjust enrichment against defendants Edward H. Braun ("Braun"), Peter J. Simone, Richard A. D'Amore, Joel A. Elftmann, Heinz K. Fridrich, Douglas A. Kingsley, Paul R. Low, Roger D. McDaniel, Irwin H. Pfister, and Walter J. Scherr ("Scherr") (collectively, the "Defendants"). Plaintiffs assert additional claims in the SAC on behalf of the Company, based upon the recent investigation by Plaintiffs' counsel. This investigation revealed a scheme and wrongful course of conduct whereby current defendants Braun, Scherr, and certain other officers

---

[1] The FAC is attached as Exhibit A to the Declaration of Robert I. Harwood (the "Harwood Declaration").

[2] The proposed SAC is attached as Exhibit B to the Harwood Declaration.

of Veeco[3] were granted and/or received backdated Veeco stock option grants between fiscal years 1996 and 2004 (the "Relevant Stock Option Period").

Based upon this recently discovered information, Plaintiffs seek to amend the FAC to (a) add these newly discovered claims and (b) incorporate the New Defendants.

## BACKGROUND

**A.      Relevant Procedural History**

On March 15, 29, and April 22, 2005, respectively, Plaintiffs Schupp and Altman brought derivative suits against Defendants in the Eastern District of New York.  Following consolidation of these suits on July 29, 2005, Plaintiffs filed the FAC on September 26, 2005.

On December 9, 2005, the consolidated derivative actions were transferred to the Southern District of New York before the Honorable Colleen McMahon and consolidated with the pending securities action for discovery purposes.  Thereafter, Defendants moved to dismiss the consolidated derivative action, pursuant to Federal Rule of Civil Procedure 23.1, for failure to make a pre-suit demand on the Company's Board of Directors (the "Board").  On June 14, 2006, Judge McMahon issued an order denying the Defendants' motion, finding that Plaintiffs' allegations raised a reasonable doubt that the Defendants were disinterested and capable of objectively deciding whether or not to pursue the litigation on behalf of the Company.  The parties' attempts to mediate on October 11-12, 2006, were unsuccessful.

**B.      The FAC**

Plaintiffs' allegations in the FAC relate, in part, to Veeco's acquisition on November 3, 2003, of the TurboDisc division from Emcore Corporation.  Plaintiffs allege Defendants failed to implement or ensure accurate financial reporting as well as a system of checks and balances for

---

[3] John F. Rein, Jr., Francis Steenbeke, John P. Kiernan, Don R. Kania, Ph.D., Anthony L. Martinez, Emmanuel N. Lakios, David S. Perloff, Ph.D., and Timothy J. Stultz (the "New Defendants"), collectively, with Braun and Scherr (the "Option Defendants").

the TurboDisc division, leaving a sole employee in charge of TurboDisc's accounting. Defendants' delayed response to Veeco's insufficient oversight, controls, and corporate checks came too little, too late, and only after substantial harm to the Company was already accomplished and TurboDisc's lone employee had fraudulently inflated TurboDisc's financial statements. As a result, Veeco was forced to restate its financial statements, which eroded market confidence in the Company and led to the filing of numerous securities fraud class action lawsuits, potentially exposing the Company to debilitating judgments and/or settlements.

In addition to the allegations stemming from the TurboDisc acquisition, Plaintiffs also allege in the FAC that the inadequacies in Veeco's internal control system were more widespread than originally disclosed in Veeco's public statements. Specifically, Plaintiffs allege that Veeco repeatedly committed serious violations of export laws in connection with its overseas sales, which constitute a material portion of the Company's total sales. Such violations could lead to fines and/or a suspension of the Company's export licenses, which would threaten the Company's future viability.

## C.    Proposed Additional Allegations Of The SAC

In addition to the allegations made in the FAC, the proposed SAC alleges that even prior to the TurboDisc acquisition, Defendants failed to design and implement adequate internal controls with respect to the Company's executive compensation practices. Specifically, the SAC alleges that during the Relevant Stock Option Period, the Defendants knowingly and/or extremely recklessly caused or allowed officers and directors of Veeco to receive "backdated" or otherwise manipulated Veeco stock option grants. According to the Company's shareholder-approved stock option plans, the exercise price of a Veeco stock option grant is supposed to be set according to the Company's closing stock price on the date of the grant. Despite the public

statements to the contrary, as further detailed in the SAC, the Option Defendants did not set option exercise prices on the date of the grant; rather, the Option Defendants impermissibly backdated or manipulated grant dates to make it appear as though the grants were actually made on dates when the Company's stock price was low, but just before a material increase in the Company's stock price. As a result of the Option Defendants' selection of grant dates that did not correspond to the actual dates of their awards, these defendants received "extra," but illicit, profits.

In the SAC, Plaintiffs allege the Option Defendants' misconduct violated Veeco's publicly disclosed, shareholder-approved stock option plans, which provides that "stock options are granted at an exercise price equal to fair market value on the date of grant." Plaintiffs also argue that by causing Veeco to grant backdated stock options to the Option Defendants, Defendants breached their fiduciary duties of good faith, fair dealing, and loyalty to the Company. As a result, Veeco's executives and directors, including Defendants and the Option Defendants, were unjustly enriched to the detriment of Veeco and its public shareholders. Moreover, Defendants' misconduct may have exposed the Company to potential costly and damaging investigations and necessitate an additional restatement of the Company's financial results.

## ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 15(a) provides in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by

written consent of the adverse party; and ***leave shall be freely given when justice so requires***. [Emphasis added.]

**B.      Leave To Amend Should Be Freely Granted**

Plaintiffs' Motion for Leave to Amend should be freely granted.  In the leading case, *Foman v. Davis*, 371 U.S. 178, 183 (1962), the Supreme Court opined a plaintiff "ought to be afforded an opportunity to test his claim on the merits."  The Court explained,

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Id*.

This Court has routinely granted leave to substantively amend claims and join additional parties. *See, e.g.*, *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117 (S.D.N.Y. 2002) (granting leave to amend to permit, among other things, substantive amendments of plaintiffs' claims and allegations, and the "joinder of additional plaintiffs"); *Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fid., Ltd*, 689 F. Supp. 1340, 1357 (S.D.N.Y. 1988) (granting plaintiff leave "to add a claim against the new and existing defendants on a [new] joint venture theory").

Likewise, courts have granted plaintiffs leave to amend their complaints even where the action has been ongoing for a substantial amount of time. *See, e.g.*, *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 383 (2d Cir. 1968) (permitting amendment three years after original complaint was filed).  Similarly, courts have granted plaintiffs leave to amend where discovery has progressed significantly or has even been completed.  *See, e.g.*, *Wilder v. Village of Amityville*, 288 F. Supp. 2d 341, 343 (E.D.N.Y. 2003), *aff'd*, 111 Fed Appx. 635, 2004 WL 2381295 (2d Cir. Oct. 25, 2004).  In fact, courts have granted leave to amend even after motions for summary judgment have been filed.  *See, e.g.*, *Accusan, Inc. v. Xerox Corp.,* No. 96 Civ.

2579 (HB), 1998 WL 60991, at *6 (S.D.N.Y. Feb. 11, 1998) (granting plaintiff leave to amend complaint after motion for summary judgment had been filed).

In the instant case, discovery is still ongoing, Plaintiffs have not unduly delayed amending the FAC, and no prejudice to defendants will arise from the proposed amendments. Accordingly, this Court should grant Plaintiffs leave to amend the FAC and allow Plaintiffs to file the SAC.

    1. Plaintiffs have neither acted dilatorily, nor in
       bad faith, and the amendments sought are not futile.

Plaintiffs' counsel only recently learned of the backdating claims in the course of their investigation. Promptly upon learning this information, Plaintiffs prepared the proposed SAC and have filed the present Motion in good faith.

Plaintiffs' new claims are sufficiently pleaded and are therefore not futile. The SAC provides specific allegations pertaining to defendants' stock option scheme. These allegations identify the specific option plans by which the option grants were made, and the specific terms by which the grants were to be exercised. Additionally, the SAC alleges the timing of the grants was immediately prior to a sharp increase in the trading price of Veeco. Based on these newly discovered facts, the SAC names additional officers who were unjustly enriched by backdating the Company's options. The SAC also adds causes of action pertaining to the issuance of these backdated options and further amends the claims already contained in the FAC to incorporate backdating option allegations.

In light of the serious nature of Plaintiffs' backdating option claims, and the quality of Plaintiffs' allegations, Plaintiffs seek leave to amend the FAC. Furthermore, Plaintiffs do not seek to amend in bad faith or for dilatory purposes; rather, Plaintiffs simply seek an opportunity

to test these newly discovered claims on the merits. Accordingly, Plaintiffs should be given leave to amend the FAC to add the additional backdating option claims and the New Defendants.

    2. Granting leave to amend will not unduly
       prejudice defendants nor alter the timetable for discovery.

At this stage of the action, granting leave to amend the FAC will not cause Defendants prejudice nor create an additional burden for the Court. First, defendants Scherr and Braun have already been named as defendants in the FAC. The addition of the backdating options claims against these defendants should not unduly prejudice them because these new claims are similarly derived from and overlap significantly with the claims set forth in the FAC.

Second, all defendants, including the New Defendants, as officers and directors of Veeco, are aware of the pendency of the FAC. Even without the new claims and defendants, the essential allegations of the lack of internal controls and corporate oversight remain. Given the close ties between the claims made in the FAC and the SAC and the pendency of the FAC and related class action lawsuits, all defendants had knowledge or notice of the possibility that Plaintiffs would discover additional claims.

Third, given the significant benefits the Option Defendants received at the expense of Veeco shareholders, Plaintiffs' new backdating options claims should come as no surprise to the Option Defendants.

Fourth, discovery, necessitated by the new allegations regarding the backdating or otherwise manipulated stock options, will not alter the timetable set forth in the Court's Pretrial Schedule Order. Significant time remains before the deadline set by the Court to complete factual discovery. The limited additional discovery required for Plaintiffs' new allegations should not require significant and additional resources from Defendants, since Defendants presumably have already been retrieving and reviewing documents and files related to Veeco's

finances in response to Plaintiffs' earlier and extant discovery requests. Regardless, even if

Defendants suggest they will be prejudiced by producing the additional discovery, the burden of

undertaking discovery, standing alone, does not suffice to warrant a denial of a motion to amend

a pleading. *See United States v. Continental Illinois Nat. Bank & Trust Co.*, 889 F.2d 1248, 1254

(2d Cir. 1989).

Finally, the burden of undertaking discovery, which the Defendants would have

shouldered had the proposed amendments been part of the FAC, hardly amounts to prejudice

outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication

of the merits. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608

F.2d 28, 43 (2d Cir.1979). In fact, Plaintiffs could very well file a separate related action for the

backdating options claims. However, granting Plaintiffs leave to amend the FAC is more

efficient and less burdensome for all parties and the Court. Therefore, this Court should "freely"

grant Plaintiffs leave to amend the FAC to add the new backdating options claims and

defendants.

## CONCLUSION

For each of the foregoing reasons, Plaintiffs respectfully request this Court grant

Plaintiffs' Motion for Leave to Amend the FAC and to file the SAC.

Dated: November 7, 2006                       Respectfully submitted,


                                              _s/ Robert I. Harwood_____
                                              Robert I. Harwood (RH-3286)
                                              Samuel K. Rosen (SR-3287)
                                              Jennifer K. Hirsh
                                              **WECHSLER HARWOOD LLP**
                                              488 Madison Avenue
                                              New York, NY 10022
                                              Telephone: (212) 935-7400

Robert B. Weiser (*Of Counsel*)
Brett D. Stecker (*Of Counsel*)
**THE WEISER LAW FIRM, P.C.**
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone:  (610) 225-2616

Nadeem Faruqi (NF-1184)
Shane Rowley  (SR-0740
Beth A. Keller (BK-9421)
**FARUQI & FARUQI**
320 East 39th Street
New York, NY 10016
Telephone:  (212) 983-9330

Brian D. Penny (*pro hac vice*) (BP-4301)
Mark S. Goldman (*pro hac vice*) (MG-4683)
Paul J. Scarlato (*pro hac vice*) (PS-3007)
**GOLDMAN SCARLATO & KARON, P.C.**
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone:  (484) 342-0700

Leigh Lasky (LL-6919)
**LASKY & RIFKIND, LTD**
100 Park Avenue, 12th Floor
New York, New York  10017
Telephone:  (212) 907-0700

*Counsel for Plaintiffs*

9