# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
In re VEECO INSTRUMENTS, INC. SECURITIES LITIGATION :
---------------------------------------------------------------- X   Case No.: 7:05-md-01695 (CM)(GAY)
THIS DOCUMENT RELATES TO ALL ACTIONS :
---------------------------------------------------------------- X

## NOTICE OF PENDENCY OF CLASS ACTION

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED THE SECURITIES OF VEECO INSTRUMENTS, INC. ("VEECO") BETWEEN APRIL 26, 2004 AND FEBRUARY 10, 2005, INCLUSIVE, AND WERE DAMAGED AS A RESULT THEREOF ("THE CLASS").**

**THIS NOTICE IS SENT PURSUANT TO RULE 23(c)(2)(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND ORDERS OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (THE "COURT"), DATED MARCH 21, 2006 AND MAY 15, 2007. THE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF: (1) THE PENDENCY OF THE ABOVE-CAPTIONED CLASS ACTION (THE "LITIGATION"); (2) THE CERTIFICATION OF THE CLASS DESCRIBED HEREIN, OF WHICH YOU MAY BE A MEMBER ("CLASS MEMBER"); AND (3) YOUR RIGHT TO BE EXCLUDED FROM THE CLASS.**

THIS NOTICE DOES NOT INDICATE ANY EXPRESSION OF OPINION BY THE COURT CONCERNING THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY OR AGAINST THE PARTIES IN THIS LITIGATION. THIS NOTICE IS MERELY TO ADVISE YOU OF THE PENDENCY OF THIS LITIGATION, HOW IT MAY AFFECT YOUR RIGHTS, AND WHAT STEPS YOU MAY TAKE IN RELATION TO IT.

## DEFINITION OF THE CLASS

1. On March 21, 2006, the Court entered an Amended Order certifying the case listed above as a class action for purposes of trial. The Class is defined as follows:

> **All persons who purchased the securities of Veeco Instruments, Inc. ("Veeco"), during the period between April 26, 2004 and February 10, 2005 inclusive (the "Class Period"), and were damaged as a result thereof. Excluded from the Class are the Defendants, members of the immediate family of each of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of defendant Veeco, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors, and assigns of any excluded person.**

2. This Notice is given to you in the belief that you may be a member of the Class. To be a Class Member, you must meet all of the criteria listed above. If you are uncertain whether you are a member of the Class, you should contact counsel for the Class (listed in paragraph 6 below) or your own attorney. Class Members may be entitled to recover damages on the claims asserted. This Notice, however, is not intended to suggest any likelihood that Plaintiffs or members of the Class will prevail on their claims or that any Class Member will be entitled to recover such damages.

## BACKGROUND OF THE LITIGATION

3. a. Beginning in February 2005, a number of class actions were instituted on behalf of purchasers of Veeco securities against Veeco and certain of its officers and directors, alleging violations of the federal securities laws, for allegedly making a series of false and misleading statements. On August 22, 2005, the Judicial Panel on Multidistrict Litigation consolidated and assigned all the actions to this Court.

b. By an Order of the Court dated October 12, 2005, the Court appointed Lead Plaintiff for the Class and appointed Berger & Montague, P.C. as Lead Counsel for the Class.

c. On November 7, 2005, Lead Plaintiff filed a Consolidated Amended Class Action Complaint on behalf of the Class (the "Complaint") against Veeco, and Individual Defendants Edward H. Braun, John F. Rein, Jr., John P. Kiernan, and R. Michael Weiss (collectively "Defendants"). The Complaint alleges, among other things, that the Defendants artificially inflated the market prices of Veeco securities by issuing false and misleading financial statements in the first, second and third quarters of 2004, which the Company was forced to restate shortly after the Class Period, and making other false and misleading statements concerning the Company's financial performance, and that certain of the Individual Defendants issued false and misleading certificates of compliance with the Sarbanes-Oxley Act. The Complaint alleges that Veeco's financial statements during the Class Period actually overstated Veeco's pretax earnings by $10.2 million, and concealed the unprofitability and true profit margins and accounting improprieties of Veeco's TurboDisc division, and the fact that the TurboDisc division had deficient or absent financial controls, and that Veeco's financial statements could not be relied upon by the investing public. The Complaint alleges that these

facts were concealed by the Defendants during the Class Period. The Complaint further alleges that these problems were first disclosed to the public on the morning of February 11, 2005, when Veeco announced that it would postpone the release of audited results for the 2004 fourth quarter and full year pending completion of an internal investigation of improper accounting transactions at its TurboDisc division. In the announcement, Veeco explained that the investigation focused principally on the value of inventory, accounts payable, liabilities and revenue transactions, and that the investigation would likely lead to adjustments requiring the restatement of its financial statements for the first three quarters of 2004. The Complaint alleges that this announcement resulted in a more than 10% drop in the price of Veeco stock.

On November 7, 2005, Lead Plaintiff also filed a Motion for Class certification.

    d. After extensive briefing, the Court denied Defendants' motion to dismiss the Complaint in an Order and Decision dated March 21, 2006 (as Amended). In its March 21, 2006 Order, the Court also entered an Order certifying the Class for purposes of trial, as defined in paragraph 1, above. The Court certified the Lead Plaintiff as Class Representative and Berger & Montague as Lead Counsel for the Class.

    e. The Defendants deny that they violated the federal securities laws or otherwise engaged in any wrongdoing. On April 10, 2006, Defendants filed their answers to the Complaint in which they deny each of the Complaint's substantive allegations, raise affirmative defenses, and deny that they are liable to the Class.

    f. Lead Counsel has completed substantial discovery with Defendants and third parties. Trial of the Litigation is currently scheduled to start on July 9, 2007.

    g. This Notice is given to you in the belief that you may be a member of the Class whose rights may be affected by this Litigation. This Notice is not an admission by Defendants or an expression of any opinion by the Court concerning the merits of the Litigation or a finding by the Court that the claims asserted by Plaintiffs in the case are valid, or that there has been any wrongdoing or violation of law by Defendants. There is no assurance that a judgment in favor of the Class will be granted. This Notice is intended merely to advise you of the pendency of this Litigation and of your rights with respect to the Litigation, including the right to remain a Member of the Class, or to exclude yourself from the Class. **YOU NEED NOT TAKE ANY ACTION TO BE OR TO REMAIN A MEMBER OF THE CLASS.**

## YOUR RIGHTS IF YOU REMAIN A MEMBER OF THE CLASS

4. **IF YOU WISH TO REMAIN A CLASS MEMBER, YOU ARE NOT REQUIRED TO DO ANYTHING AT THIS TIME.** If you wish to remain a member of the Class, you need not respond to this Notice. Remaining in the Class will not obligate you to pay any attorneys' fees or costs.

5. If you remain a Class Member, you will be bound by any judgment in this Litigation, whether is it favorable or unfavorable, and whether entered after motion or trial, or from a settlement. If there is a recovery, you may be entitled to share in the proceeds, less such costs, expenses, and attorney's fees as the Court may allow out of any such recovery. If the Defendants prevail, you may not pursue a lawsuit on your own with regard to any of the issues decided in this Litigation.

6. If you remain in the Class and do not request exclusion in the manner set forth below, you will be represented by the Court-appointed Lead Plaintiff and Class Representative and Lead Counsel for the Class. Lead Counsel for the Class is:

> **BERGER & MONTAGUE, P.C.**
> Sherrie R. Savett, Esq.
> Carole A. Broderick, Esq.
> Phyllis M. Parker, Esq.
> Jeffrey L. Osterwise, Esq.
> 1622 Locust Street
> Philadelphia, Pennsylvania 19103
> (215) 875-3000
>
> *Lead Counsel for the Class*

Any questions should be addressed to Lead Counsel.

7. If you remain a Class Member, you will not be personally responsible for Plaintiffs' attorneys' fees or costs. Any fees or expenses ultimately allowed by the Court to Plaintiffs' counsel will be payable out of the recovery in the Litigation, if any. You may arrange to have your own attorney enter an appearance on your behalf in this Litigation if you so desire. However, if you appear in this Litigation by your own counsel, you will be solely responsible for that attorney's fees and expenses.

8. In the event of a recovery, you will be required to prove your membership in the Class.

## TO BE EXCLUDED FROM THE CLASS

9. **IF YOU WISH TO EXCLUDE YOURSELF FROM THE CLASS AND NOT BE A PART OF THIS LITIGATION, YOU MUST MAKE A REQUEST IN WRITING.** In order to be valid, each such request for exclusion must set forth the following information: (a) the name and address of the person or entity requesting exclusion, (b) a statement that such person or entity requests exclusion from the Class in *In re Veeco Instruments, Inc. Securities Litigation*, 7:05- MD-01695 (CM)(GAY), and must be signed by such person or entity. Such persons requesting exclusion are also directed to state the date and number of shares of Veeco common stock or other securities purchased and sold during the Class Period. Requests for exclusion must be mailed to the address provided in paragraph 12 below. For it to be effective, your request for exclusion must be postmarked no later than **July 6, 2007**. Do not request exclusion if you wish to participate in this Litigation against the Defendants as a Class Member.

10. If you exclude yourself from the Class, you will not be entitled to share in any recovery in this Litigation against the Defendants, should any recovery be obtained, nor will you be bound by any judgment in this Litigation against the Defendants, but you may individually pursue any legal rights you may have against the Defendants at your own expense.

11. **IF YOU DO NOT REQUEST EXCLUSION FROM THE CLASS IN THIS LITIGATION BY JULY 6, 2007, YOU WILL BE CONSIDERED A MEMBER OF THE CLASS AND THE COURT WILL CONSIDER YOU BOUND BY ANY FINAL JUDGMENT IN THE ACTION.**

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

12. If you purchased the common stock or other securities of Veeco Instruments, Inc. between April 26, 2004 and February 10, 2005, inclusive, for the beneficial ownership of a person or entity other than yourself, you are directed by the Court that, within seven (7) days of your receipt of this Notice, that you either: (a) provide to the Notice Administrator identified below the name and last known address of each person or entity for whom or which you purchased any of Veeco's securities or (b) request additional copies of this Notice, which will be provided to you free of charge, and within seven (7) days mail the Notice directly to the beneficial owners of the securities. When submitting names and addresses, please identify the relevant Veeco securities purchased by the potential class member. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Notice Administrator confirming that the mailing was made as directed. You are entitled to reimbursement of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of reasonable postage expenses, and the reasonable costs of ascertaining the names and addresses of beneficial owners. Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Notice Administrator:

*In re Veeco Instruments, Inc. Securities Litigation*—Notice of Pendency
c/o Heffler, Radetich & Saitta L.L.P.
P.O. Box 59027
Philadelphia, PA 19102-9027
Telephone: (800) 768-8450
www.hrsclaimsadministration.com

## CORRECTING YOUR MAILING ADDRESS

13. If this Notice was sent to you at your current address, you do not have to do anything further to receive further notices concerning this Litigation. If it was forwarded by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact the Notice Administrator referred to above in paragraph 12.

## AVAILABILITY OF FILED PAPERS

14. This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this Litigation are available for inspection, during business hours, at the Office of the Clerk of the Court, United States District Court for the Southern District of New York, White Plains. In addition, you may obtain a copy of the Complaint by contacting the above listed Plaintiffs' Counsel.

15. If you have any questions about this Notice, you may consult an attorney of your own choosing, or Plaintiffs' counsel whose name, address and telephone number are listed in paragraph 6 above. **DO NOT ADDRESS ANY QUESTIONS ABOUT THIS CASE TO THE CLERK OF THE COURT OR TO THE JUDGE.** They are not permitted to answer your questions.

Dated: June 1, 2007                                        BY ORDER OF THE UNITED STATES
                                                           DISTRICT COURT FOR THE SOUTHERN
                                                           DISTRICT OF NEW YORK

In re Veeco Instruments, Inc. Securities Litigation
c/o Heffler, Radetich & Saitta L.L.P.
P.O. Box 59027
Philadelphia, PA 19102-9027

# FIRST CLASS MAIL

**PLEASE FORWARD—IMPORTANT LEGAL NOTICE**