```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE VEECO INSTRUMENTS INC.           :   No. 7:05-MD-01695-CM-GAY
SECURITIES LITIGATION                  :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THIS DOCUMENT RELATES TO:              :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EDWARD J. HUNEKE, derivatively on behalf :
of VEECO INSTRUMENTS, INC.,            :
                                       :   No. 7:05-CV-10224-CM
          Plaintiff,                   :
     v.                                :
                                       :
EDWARD H. BRAUN, et al.,               :
                                       :
          Defendants.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AUGUST SCHUPP, III, derivatively on behalf :
of VEECO INSTRUMENTS, INC.,            :
                                       :   No. 7:05-CV-10225-CM
          Plaintiff,                   :
     v.                                :
                                       :
EDWARD H. BRAUN, et al.,               :
                                       :
          Defendants.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DAVID ALTMAN, derivatively on behalf   :
of VEECO INSTRUMENTS, INC.,            :
                                       :   No. 7:05-CV-10226-CM
          Plaintiff,                   :
     v.                                :
                                       :
EDWARD H. BRAUN, et al.,               :
                                       :
          Defendants.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER PRELIMINARILY APPROVING DERIVATIVE ACTION SETTLEMENT

The parties to this Action related to Veeco Instruments Inc. ("Veeco" or the "Company") have entered into and filed with this Court a Stipulation and Agreement of Settlement, dated

December 19, 2007 (the "Stipulation"). The Parties jointly moved for preliminary approval of this Settlement.

The Court has considered such motion, and has determined that the Settlement merits preliminary approval and that a hearing should be held as to the fairness, reasonableness and adequacy of the proposed Settlement of the Settled Derivative Claims on the terms set forth in the Stipulation, and as to the attorneys' fees, costs and expenses to be awarded to counsel for Plaintiffs in this Action.

The Court has concluded that Notice should be provided to Current Veeco Stockholders in accord with the procedures set forth below. The procedures described herein and in the attachments hereto will provide the Current Veeco Stockholders with the best notice practicable under the circumstances and will satisfy the requirements of Federal Rule of Civil Procedure 23.1 and of due process; and the parties to the Stipulation have consented to entry of this Order.

IT IS THEREFORE ORDERED AS FOLLOWS:

1.  Capitalized terms used but not otherwise defined herein shall have the same meanings as are attributed to such capitalized terms in the Stipulation.

2.  For purposes of settlement only, this Action is to be treated as properly maintained derivatively on behalf of Veeco under Federal Rule of Civil Procedure 23.1, and Plaintiffs August Schupp, III and David Altman are appropriate derivative plaintiffs.

3.  A final settlement hearing pursuant to Federal Rule of Civil Procedure 23.1 shall be held before this Court on March 28, 2008 at 10:00 A.m. (the "Final Hearing") in Courtroom 21B of the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007, for purposes of determining:

2

  (a) whether the proposed Settlement of the above-captioned action, on the terms and conditions set forth in the Stipulation, should be approved by the Court pursuant to Federal Rule of Civil Procedure 23.1;

  (b) whether the Court should enter an "Order and Final Judgment of Dismissal," in the form annexed to the Stipulation as Exhibit D, dismissing the Released Claims as provided in the Stipulation;

  (c) whether to approve the Settling Parties' fee agreement; and

  (d) such other matters as may be necessary and proper.

4. The Court reserves the right to adjourn the Final Hearing, including consideration of the application for attorneys' fees, costs and expenses, without further written or oral notice other than by announcement at the Hearing or any adjournment thereof.

5. The Court reserves the right to approve the Settlement at or after the Final Hearing with such modifications as may be consented to by the parties to the Stipulation, without further notice to Shareholders.

6. Notice of the proposed Stipulation, the application for attorneys' fees, costs and expenses and the hearing thereon, shall be provided to Veeco shareholders in the following manner:

  (a) Within seven (7) days of the entry of this Order, Veeco shall file a current report on SEC Form 8-K attaching a notice (the "Notice"), in substantially the form annexed to the Stipulation as Exhibit C and also attached hereto as Attachment 1, which form is hereby approved;

  (b) Within seven (7) days of the entry of this Order, Veeco shall provide a link on its corporate website to the Notice; and

(c)    at or prior to the Hearing, counsel for Defendants shall file with the Court an affidavit indicating compliance with the notice provisions of this Order.

7.    The form and method of Notice specified herein is hereby found to be the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Hearing to all persons entitled to receive such notice in compliance with the provisions of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8.    Any shareholder of Veeco may appear at the Hearing, in person or through counsel of his or her choice, to show cause why the Settlement of the Released Claims as set forth in the Stipulation should not be approved; judgment dismissing the Action on the terms contained in the Stipulation should not be entered; counsel for Plaintiffs in the Action should not be awarded the attorneys' fees, costs and expenses requested. No person shall be heard, or be entitled to object to or otherwise contest the foregoing, unless such person, no later than 10 days prior to the Final Hearing scheduled for March 28 , 2008, has (i) filed with the Clerk of the Court, and (ii) served by hand delivery or first class mail, postage prepaid, on counsel for Plaintiffs:

>    Robert I. Harwood
>    Harwood Feffer LLP
>    488 Madison Avenue
>    New York, New York 10022

and on counsel for Defendants:

>    John A. Herfort
>    Robert F. Serio
>    J. Ross Wallin
>    Gibson, Dunn & Crutcher LLP
>    200 Park Avenue
>    New York, New York 10166

a written statement of all of such person's objection(s) and all the grounds or reasons therefor, including any briefs or affidavits in support of such objection(s) and a statement indicating whether such person intends to appear at the Hearing, together with the following information:

      (a)    the name, address and telephone number of the objector and his, her or its counsel, if any; and

      (b)    the number of shares of Veeco common stock owned by such objector and the date(s) of purchase(s). The objector shall also provide proof thereof in the form of a broker's confirmation slip, statement of account or a notarized statement from the broker, or other satisfactory proof of current ownership of his, her or its Veeco common stock, or a satisfactory explanation in affidavit form as to why such proof if unavailable.

Any shareholder who does not file and serve a timely objection in the manner provided herein shall be deemed to have waived any objection such shareholder might have and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Settlement of this Action, the Stipulation or any provision thereof, the Judgment dismissing the Action, or the application and award of attorneys' fees, costs and expenses and/or any other proceedings herein, and shall have no right to appeal therefrom.

      9.    Institution or prosecution of any and all proceedings in this or any other Court relating to or arising out of any of the Released Claims, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation or the responsibilities related or incidental thereto, and excepting any claims any of the Parties may have in current unrelated proceedings, are hereby preliminarily enjoined, stayed and suspended until further Order of this Court.

10.  If the Stipulation is not approved or does not become effective or final for any reason, including as a result of modification or reversal of the Judgment on appeal, the Stipulation and all proceedings held in connection therewith shall be null and void and vacated, and this Action shall proceed completely without prejudice to the status quo ante rights of the parties as to any matter of law or fact, and all parties shall be returned to their positions immediately prior to December 19, 2007, nunc pro tunc, and all documents executed pursuant to the Stipulation shall be revoked and canceled.

11.  The attachments hereto are incorporated by reference herein and shall be deemed fully set forth in this Order.

Dated: January 24, 2007

By Order of the District Court:

_____
Colleen McMahon, U.S.D.J.